896 P.2d 342

**Glenda Sue TUGMON, Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

No. 21382.

Court of Appeals of Idaho.

April 25, 1995.

Petition for Review Denied June 28, 1995.

Belnap & Associates, Chartered, Boise, for appellant.

Alan G. Lance, Atty. Gen. and Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for respondent.

PERRY, Judge.

Glenda Sue Tugmon appeals from the district court's order denying her application for post-conviction relief. Tugmon claims that she received ineffective assistance of counsel and is, therefore, entitled to post-conviction relief. For the reasons set forth below, we affirm the denial of Tugmon's post-conviction application.

## FACTS AND PROCEDURAL BACKGROUND

In 1991 Tugmon entered into a relationship with Maurice Taylor. Tugmon was living in Arkansas, and Taylor, who had gone to Arkansas to see her, invited Tugmon to come to his home in Idaho. Tugmon decided to come to Idaho and, upon her arrival, moved in with Taylor with the understanding that Taylor would pay her bus fare home if she chose to return to Arkansas. The relationship did not develop as planned, and Tugmon expressed her desire to go home. Tugmon claimed that Taylor had struck her on several occasions, which convinced her to leave Taylor. Tugmon alleges that, fearing for her safety, she took the keys to Taylor's new pickup, along with a few belongings, and headed for Arkansas. Tugmon was arrested in Oklahoma after Taylor filed charges alleging that Tugmon had stolen his vehicle and a number of his possessions.

Tugmon pled guilty to grand theft of Taylor's pickup and other personal items. In exchange for her plea of guilty to the grand theft charge, the state elected not to file a persistent violator charge against Tugmon. The district court accepted Tugmon's guilty plea and sentenced her to a unified ten years' incarceration with a minimum period of confinement of five years.

In 1993, Tugmon filed a pro se application for post-conviction relief from the grand theft conviction, alleging ineffective assistance of counsel leading to the entry of her guilty plea. In her application, Tugmon asserted that her prior counsel had failed to discuss with her the defense of necessity or duress, based on her fear of imminent harm at Taylor's hands, which in turn led her to plead guilty. Tugmon's present counsel later filed an amended application.

After an evidentiary hearing, the district court denied post-conviction relief. In its memorandum decision, the district court found that counsel's performance was not deficient and was not the cause of Tugmon's guilty plea. The district court also determined that Tugmon had not shown that the result would have been different but for prior counsel's allegedly deficient conduct because the facts of the case did not support a defense of duress. Tugmon filed a timely appeal from the district court's order.

## DISCUSSION

On appeal, Tugmon contends that the district court erred in not ruling on the validity of her guilty plea. She asserts that her plea was not voluntarily, intelligently or knowingly entered because it was made without counsel's advice as to: (1) the intent element required to prove grand theft; or (2) a potential defense of duress that was available to her. She asserts that counsel's failure to advise her constituted ineffective assistance *per se*, rendering her guilty plea invalid.

■ The state argues that Tugmon's application for post-conviction relief did not assert that her guilty plea was invalid due to counsel's failure to discuss with her the required intent element of grand theft. The state insists that Tugmon never challenged her guilty plea on this basis before the district court. Therefore, the state contends that Tugmon is barred from raising the issue for the first time on appeal. We agree. *See* *State v. Lavy*, 121 Idaho 842, 844, 828 P.2d 871, 873 (1992). Accordingly, we restrict our review of the involuntary nature of the guilty plea to Tugmon's claim that counsel's ineffectiveness in not advising her of a potential defense of duress rendered her plea invalid.

■ In order to prevail in a post-conviction proceeding, the applicant must prove the allegations by a preponderance of the evidence. I.C. § 19–4907; *Stuart v. State*, 118 Idaho 865, 801 P.2d 1216 (1990). When reviewing a decision denying post-conviction relief after an evidentiary hearing, an appellate court will not disturb the lower court's factual findings unless they are clearly erroneous. I.R.C.P. 52(a); *Russell v. State*, 118 Idaho 65, 794 P.2d 654 (Ct.App.1990). We exercise free review of the district court's application of the relevant law to the facts. *Nellsch v. State*, 122 Idaho 426, 434, 835 P.2d 661, 669 (Ct.App.1992).

■ A claim of ineffective assistance of counsel presents mixed questions of law and fact. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

An applicant who alleges ineffective assistance of counsel at the entry of a guilty plea must prove that counsel's performance was deficient and that the applicant was prejudiced by the deficiency. *Huck v. State,* 124 Idaho 155, 158, 857 P.2d 634, 637 (Ct.App. 1993), *citing Strickland v. Washington,* 466 U.S. at 687, 104 S.Ct. at 2064. *See also Hill v. Lockhart,* 474 U.S. 52, 58, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985) (applying *Strickland* standards to ineffective assistance claims arising out of the plea process).

■ We turn first to Tugmon's claim that her plea of guilty was rendered invalid due to her attorney's ineffectiveness. The deficient conduct alleged was counsel's failure to discuss duress as a possible defense against the grand theft charge. Tugmon contends that counsel should have explained the defenses available to her in order for her to make an informed decision whether to enter a guilty plea or proceed to trial. Tugmon asserts that counsel's failure to advise her of a potential defense constituted deficient performance *per se.*

Tugmon, however, did not allege in her application that, had her attorney informed her of that possible defense, she would have insisted on going to trial, or that if he had done so, she would have received a shorter sentence. *See Griffith v. State,* 121 Idaho 371, 374, 825 P.2d 94, 97 (Ct.App.1992), *citing Hill v. Lockhart,* 474 U.S. at 59, 106 S.Ct. at 370–71. The evidence presented at the hearing on her application revealed that Tugmon had written a letter to her attorney recanting her original version of the facts, apologizing for her dishonesty and indicating her desire to plead guilty to grand theft. The record indicates that Tugmon elected to plead guilty in order to avoid a persistent violator charge, which the state had agreed not to file in exchange for her guilty plea. Tugmon's decision to plead guilty appears to have been made after full consultation with counsel and was not the result of a want of advice from her counsel. Because Tugmon has not shown that her counsel's representation fell below an objective standard of reasonableness, as required by *Strickland,* we uphold the district court's finding that counsel was

not deficient in allowing Tugmon to accept the state's plea bargain arrangements.

■ We next consider whether Tugmon was denied the effective assistance of counsel on account of her counsel's failure to discuss duress as an available defense. Specifically, Tugmon disputes the district court's finding that counsel's performance was not deficient. She also disputes the district court's conclusion that the facts, as a matter of law, did not support a defense of duress in Tugmon's case.

■ Counsel's failure to assert a defense of duress at trial has been held not to be ineffective assistance where the defendant's testimony that she was fearful of threats and intimidation was inconsistent with the facts. *United States v. Shuey,* 541 F.2d 845 (9th Cir.1976). *See also Callins v. Collins,* 998 F.2d 269 (5th Cir.1993) (counsel's failure to raise affirmative defense of self-defense in Texas murder prosecution did not amount to ineffective assistance in that robber has no right of self-defense against his victim); *Bertolotti v. Dugger,* 883 F.2d 1503 (11th Cir. 1989) (counsel held to have provided effective assistance though counsel failed to raise voluntary intoxication defense to specific intent crimes of murder, robbery, and burglary where Florida Supreme Court held evidence of intoxication was not sufficient to warrant voluntary intoxication instruction); *York v. Lockhart,* 856 F.2d 61 (8th Cir.1988) (counsel's failure to raise a defense based on state's failure to adduce corroborating testimony of accomplice did not constitute ineffective assistance). An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. *Strickland v. Washington,* 466 U.S. at 691, 104 S.Ct. at 2066. Thus, in order to obtain relief, Tugmon must show that the result in her case would have been different had she been advised that the affirmative defense of duress was available to her.

■ The elements of duress include: (1) a specific threat of immediate harm; (2) circumstances which necessitate the illegal act must not have been brought about by the

**20**

defendant; (3) the same object could not have been accomplished by a less offensive alternative available to the actor; and (4) the harm caused was not disproportionate to the harm avoided. *See State v. Hastings,* 118 Idaho 854, 801 P.2d 563 (1990). We examine the evidence presented by Tugmon to ascertain whether all of the required elements were satisfied.

Tugmon testified at the evidentiary hearing that after a fight with Taylor, where he became physical, she had left with his pickup. Contrary to what she had originally told her prior counsel, Tugmon admitted that Taylor was either asleep or passed out at the time. Tugmon did not offer any testimony showing that she continued to fear for her safety. Tugmon further testified that she had set out for Arkansas, intending to call Taylor to tell him where he could find his truck. Under cross-examination, Tugmon acknowledged that she could have contacted local law enforcement authorities to protect her from Taylor's abusive efforts to prevent her from leaving. Based on our review of Tugmon's testimony, we hold the district court properly applied the facts to the law in determining that Tugmon could not have asserted a viable defense of duress to the grand theft charge against her.

We affirm the district court's order denying Tugmon's application for post-conviction relief. No costs or attorney fees are awarded.

WALTERS, C.J., concurs.

LANSING, J., concurs in result.