**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 37522**

| | | |
|---|---|---|
| JOSHUA R. BRADLEY, | ) | |
| | ) | **2011 Opinion No. 44** |
| Petitioner-Appellant, | ) | |
| | ) | **Filed: July 26, 2011** |
| v. | ) | |
| | ) | **Stephen W. Kenyon, Clerk** |
| STATE OF IDAHO, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Fred M. Gibler, District Judge.

Order dismissing application for post-conviction relief, <u>affirmed</u>,

Nevin, Benjamin, McKay & Bartlett, LLP, Boise, for appellant. Dennis A. Benjamin argued.

Hon. Lawrence G. Wasden, Attorney General; Nicole L. Schafer, Deputy Attorney General, Boise, for respondent. Nicole L. Schafer argued.

---

PERRY, Judge Pro Tem

Joshua R. Bradley appeals from the district court's order dismissing his application for post-conviction relief. For the reasons set forth below, we affirm.

**I.**

**FACTS AND PROCEDURE**

As a juvenile, Bradley was adjudicated guilty of rape of a child in the state of Washington. Wash. Rev. Code Ann. § 9A.44.073(1). As a consequence, he was required to register as a sex offender in that state. Bradley later moved to Idaho and, until he turned twenty-one, registered here as a juvenile sex offender pursuant to I.C. §§ 18-8403(3), (4), and 18-8407. In 2002, Bradley signed a stipulation, acknowledging that he should be transferred from the juvenile registry to Idaho's adult sex offender registry pursuant to I.C. § 18-8410, and waived his right to a hearing on the matter. In accordance with the stipulation, the district court entered an order transferring Bradley to the adult registry. Bradley complied with his registration

1

requirements until 2008, when he was charged with failure to register as a sex offender, I.C. § 18-8309, in two separate cases. Pursuant to a plea agreement, Bradley pled guilty to failure to register and was sentenced to a unified term of five years, with a minimum period of confinement of three years, in one case and a concurrent unified term of ten years, with a minimum period of confinement of three years, in another case. Bradley appealed his sentences and this Court affirmed in an unpublished decision. *See State v. Bradley*, Docket Nos. 35171 and 35208 (Ct. App. Sept. 24, 2008).

Bradley filed a pro se application for post-conviction relief asserting, among other claims, ineffective assistance of trial counsel. The district court appointed post-conviction counsel and granted an evidentiary hearing on Bradley's claims. At the evidentiary hearing, Bradley argued that trial counsel was ineffective for advising him to plead guilty. Specifically, Bradley contended that trial counsel failed to notify him that he was not required to register as a sex offender because he was not properly transferred to the adult registry and because the offense for which he had previously registered was not one of the crimes requiring registration under I.C. § 18-8304(1)(a). The district court dismissed Bradley's application, holding that Bradley failed to demonstrate any method by which his defense attorney in the criminal case could have challenged the district court's 2002 transfer order. The district court also found, in the alternative, that Bradley's Washington juvenile offense was substantially equivalent to the Idaho offense of lewd conduct with a minor child, for which registration is required under I.C. § 18-8304(1)(a). Bradley appeals.

## II.

## STANDARD OF REVIEW

In order to prevail in a post-conviction proceeding, the applicant must prove the allegations by a preponderance of the evidence. I.C. § 19-4907; *Stuart v. State*, 118 Idaho 865, 801 P.2d 1216 (1990). When reviewing a decision denying post-conviction relief after an evidentiary hearing, an appellate court will not disturb the lower court's factual findings unless they are clearly erroneous. I.R.C.P. 52(a); *Russell v. State*, 118 Idaho 65, 67, 794 P.2d 654, 656 (Ct. App. 1990). The credibility of the witnesses, the weight to be given to their testimony, and the inferences to be drawn from the evidence are all matters solely within the province of the district court. *Larkin v. State*, 115 Idaho 72, 73, 764 P.2d 439, 440 (Ct. App. 1988). We

exercise free review of the district court's application of the relevant law to the facts. *Nellsch v. State*, 122 Idaho 426, 434, 835 P.2d 661, 669 (Ct. App. 1992).

**III.**

**ANALYSIS**

Bradley presented two arguments during the proceedings on his application for post-conviction relief below. First, Bradley asserted that his transfer from Idaho's juvenile sex offender registry to the adult registry was improper because the procedures governing such a transfer were not followed by the district court. Bradley also argued that, because the offense listed on his previous registration forms was not one of the crimes requiring registration under I.C. § 18-8304(1)(a), he was not required to register as an adult sex offender and therefore should not have pled guilty to failure to register. As a result, he argued that trial counsel was ineffective for failing to discover the improper transfer and the incorrectly listed offense prior to the entry of Bradley's guilty pleas.

During the evidentiary hearing, Bradley introduced a number of exhibits, including his stipulation to transfer to the adult registry, the 2002 transfer order, previous registration forms, and documents from his Washington juvenile case. Bradley did not testify, nor did he call any witnesses in support of his claim of ineffective assistance of counsel. Also at the hearing, the state presented the affidavit of Bradley's trial counsel. Trial counsel averred that, to the best of his recollection, Bradley had a duty to register as a sex offender under Idaho law and that counsel advised Bradley of such a duty. Trial counsel also averred that Bradley decided to plead guilty after obtaining a favorable plea agreement.

At the conclusion of the hearing, the district court inquired how Bradley could challenge his duty to register in light of his acknowledgment of such a duty in the stipulation filed with the district court in 2002. Bradley's counsel responded that the district court did not follow the proper proceedings in issuing the transfer order. The district court clarified its question and asked if the post-conviction proceedings were a collateral attack on the sworn stipulation. Bradley's counsel responded that he had not considered or addressed that particular issue. The district court then requested that each party file supplemental briefing on the effect of Bradley's stipulation and the timeliness of Bradley's application as to that issue. Bradley's supplemental briefing continued to assert his two original arguments, but failed to mention the 2002 stipulation

3

and did not set forth any legal basis by which a challenge to the stipulation would have been successful if his defense attorney had attempted such a challenge.

In its memorandum decision, the district court held that Bradley failed to meet his burden to demonstrate ineffective assistance of counsel because he failed to advance any theory by which the validity of the 2002 order could have been challenged in the criminal cases.[1] In addition, the district court determined that the Washington juvenile offense was substantially equivalent to the Idaho offense of lewd conduct with a minor child. As a result, the district court held, even if Bradley's challenge to the 2002 order would have been successful, Bradley would have been required to register under I.C. § 18-8304(1)(b) for having been convicted of a crime substantially equivalent to lewd conduct with a minor child.[2]

On appeal, Bradley argues that trial counsel was ineffective for failing to advise Bradley that he was not required to register as an adult sex offender in Idaho. A claim of ineffective assistance of counsel may properly be brought under the post-conviction procedure act. *Murray v. State*, 121 Idaho 918, 924-25, 828 P.2d 1323, 1329-30 (Ct. App. 1992). To prevail on an ineffective assistance of counsel claim, the defendant must show that the attorney's performance was deficient and that the defendant was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Hassett v. State*, 127 Idaho 313, 316, 900 P.2d 221, 224 (Ct. App. 1995). To establish a deficiency, the applicant has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988). Where, as here, the defendant was convicted upon a guilty plea, to satisfy the prejudice element, the claimant must show that there is a reasonable probability that, but for counsel's errors, he or she would not have pled guilty and would have insisted on going to trial. *Plant v. State*, 143 Idaho 758, 762, 152 P.3d 629, 633 (Ct. App. 2006). This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation,

---

[1]    The district court also found that Bradley entered into the 2002 *transfer order* voluntarily and waived his right to a hearing. It is presumed that this statement by the district court refers to the *stipulation* signed by Bradley, not the district court's transfer order.

[2]    The district court incorrectly referred to this section as I.C. § 18-8305(1)(b). Bradley did not argue below, and the district court did not consider, whether I.C. § 18-8304(1)(b) was inapplicable to Bradley because he had only been adjudicated guilty of the offense in juvenile proceedings and had not been "convicted" of the offense in Washington.

ignorance of relevant law, or other shortcomings capable of objective evaluation. *Howard v. State*, 126 Idaho 231, 233, 880 P.2d 261, 263 (Ct. App. 1994).

The United States Supreme Court, addressing the issue of counsel's advice prior to a defendant's decision to plead guilty, has stated:

> [T]he decision to plead guilty before the evidence is in frequently involves the making of difficult judgments. All the pertinent facts normally cannot be known unless witnesses are examined and cross-examined in court. Even then the truth will often be in dispute. In the face of unavoidable uncertainty, the defendant and his counsel must make their best judgment as to the weight of the State's case. Counsel must predict how the facts, as he understands them, would be viewed by a court. If proved, would those facts convince a judge or jury of the defendant's guilt? . . . Questions like these cannot be answered with certitude; yet a decision to plead guilty must necessarily rest upon counsel's answers, uncertain as they may be. Waiving trial entails the inherent risk that the good-faith evaluations of a reasonably competent attorney will turn out to be mistaken either as to the facts or as to what a court's judgment might be on given facts.
>
> That a guilty plea must be intelligently made is not a requirement that all advice offered by the defendant's lawyer withstand retrospective examination in a post-conviction hearing.

*McMann v. Richardson*, 397 U.S. 759, 769-70 (1970); *see also Dunlap v. State,* 141 Idaho 50, 60-61, 106 P.3d 376, 386-87 (2004). In *Hill v. Lockhart*, 474 U.S. 52 (1985), the United States Supreme Court noted that the inquiry involving counsel's advice to plead guilty often turns upon the likelihood that discovery of a defense or exculpatory evidence that was overlooked by counsel would have led counsel to change his or her recommendation as to the plea. This assessment, in turn, will largely depend upon whether the missed evidence or defense likely would have changed counsel's prediction as to the outcome of a trial. *Hill*, 474 U.S. at 59-60. Thus, to obtain relief, Bradley must demonstrate that a decision to not plead guilty would have been rational under the circumstances. *See Padilla v. Kentucky*, ___ U.S. ___, 130 S. Ct. 1473, 1485 (2010).

This Court previously addressed this issue in *Tugmon v. State*, 127 Idaho 16, 896 P.2d 342 (Ct. App. 1995). Tugmon argued that her trial counsel was ineffective for failing to advise her of the affirmative defense of duress prior to her pleading guilty to grand theft. We held that, "in order to obtain relief, Tugmon must show that the result in her case would have been different had she been advised that the affirmative defense of duress was available to her." *Id.* at 19, 896 P.2d at 345. After a review of the elements of the defense and the facts presented during

the evidentiary hearing, this Court concluded that Tugmon could not have asserted a viable defense of duress and affirmed the district court's denial of Tugmon's claim of ineffective assistance of counsel. *Id*. at 20, 896 P.2d at 346.[3]

Upon moving to Idaho, Bradley registered as a juvenile sex offender pursuant to I.C. 18-8403(3) and (4). Idaho Code Section 18-8403(3) requires registration for a juvenile who moves to Idaho after committing a sex offense in another state that is substantially equivalent to a sex offense that requires registration under Idaho law. Idaho Code Section 18-8403(4) requires registration upon moving to Idaho when a juvenile has committed a sex offense in another state for which registration is required in that state. Idaho Code Section 18-8410 governs the transfer of a juvenile sex offender to the adult sex offender registry. Pursuant to this section, a juvenile shall be required to register as an adult upon reaching the age of twenty-one if, upon petition by the state, a court concludes that the juvenile poses a threat to the safety of others.

Bradley argues on appeal that the stipulation he signed acknowledging his duty to register as an adult under I.C. § 18-8410 and the order transferring him to the adult registry were invalid. Specifically, he argues that the stipulation was signed outside the presence of counsel, there was no petition to transfer filed as required by I.C. § 18-8410, and the district court signed the transfer order before Bradley signed the stipulation. Bradley asserts that, had counsel advised him of the invalid stipulation and order, he could have successfully challenged his duty to register at trial and therefore would not have pled guilty.

First, we must determine whether Bradley demonstrated to the district court that a challenge to the stipulation would have been successful. The stipulation stated Bradley intended to waive the I.C. § 18-8410 transfer hearing, acknowledged he was likely to pose a threat to the safety of others, and agreed that he should be transferred to the adult registry. While Bradley mentioned in his application for post-conviction relief that the stipulation was signed outside the presence of counsel, Bradley made no assertion in his application that the stipulation should have

---

[3]    Similarly, in a post-conviction proceeding challenging an attorney's failure to pursue a motion in the underlying criminal action, the district court may consider the probability of success of the motion in question in determining whether the attorney's inactivity constituted incompetent performance. *Boman v. State,* 129 Idaho 520, 526, 927 P.2d 910, 916 (Ct. App. 1996). Where the alleged deficiency is counsel's failure to file a motion, a conclusion that the motion, if pursued, would not have been granted by the trial court, is generally determinative of both prongs of the *Strickland* test. *Id.*

been set aside based on counsel's absence. Further, at the evidentiary hearing on the matter, Bradley offered no witnesses and did not testify. Instead, Bradley chose to rest solely on the exhibits which included the sworn stipulation, the transfer order, and previous completed registration forms which were filed with the sex offender registry years after the entry of the transfer order. When asked by the district court regarding how procedurally his defense attorney could have challenged the stipulation, Bradley's counsel responded that he had not considered or addressed that particular issue. Further, Bradley failed to mention the stipulation or its validity in the supplemental briefing, even though the district court expressly requested further argument and authority on that issue. Thus, it appears from a review of the record that Bradley failed to challenge the validity of the stipulation below. Generally, issues not raised below may not be considered for the first time on appeal. *Sanchez v. Arave*, 120 Idaho 321, 322, 815 P.2d 1061, 1062 (1991). Therefore, we decline to discuss this issue further.

Bradley also argues on appeal that he would have been able to successfully challenge the transfer order because the date of the district court's signature on the order was about six weeks prior to the date the stipulation was signed. In support of this argument at the evidentiary hearing, Bradley introduced the documents themselves, but did not provide any other affidavits or testimony relating to the issuance of the transfer order. Bradley asserts on appeal that the only explanation for the discrepancy between the signature dates on the order and the stipulation is fraud. However, the only evidence of fraud presented to the district court at the hearing was the documents themselves, which indicate by their clerk's filing date stamps that the stipulation was filed with the district court one week prior to the filing and issuance of the transfer order. While the signature date on the order indicates some procedural anomaly, the reason for or circumstance of this anomaly is wholly unexplained. Indeed, Bradley concedes on appeal that additional evidence from the individuals involved at the evidentiary hearing would have been helpful to demonstrate the circumstances surrounding the issuance of the transfer order. We also note that Bradley has not suggested any basis upon which he could have resisted transfer to the adult sex offender registry under I.C. § 18-8410 if he had not so stipulated. For instance, Bradley failed to argue that he was no longer a threat to society at the time of the transfer. We conclude that the district court did not err by determining that Bradley failed to show how a challenge to the stipulation and transfer order would have been successful, thereby giving Bradley a rational reason to refuse to plead guilty.

7

Finally, Bradley argues that trial counsel was ineffective for advising Bradley to plead guilty because the offense for which he had previously registered was not one of the crimes requiring registration under I.C. § 18-8304. We do not need to address this argument because we hold that Bradley has failed to establish a basis upon which he could have voided the order transferring him to the adult registry under I.C. § 18-8410.

## IV.

## CONCLUSION

Bradley did not demonstrate that he was prejudiced by trial counsel's failure to advise him that he was not required to register because he failed to show how a challenge to the stipulation or transfer order would have been successful and therefore would have given Bradley a rational reason to refuse to plead guilty. Thus, Bradley has failed to show that the district court erred by determining that Bradley did not receive ineffective assistance of counsel. Accordingly, the district court's order dismissing Bradley's application for post-conviction relief is affirmed. No costs or attorney fees are awarded on appeal.

Chief Judge GRATTON and Judge LANSING, **CONCUR.**