IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 41080

| CHARLES SHELDTON COLEMAN, | ) | 2014 Unpublished Opinion No. 749 |
|---|---|---|
| | ) | |
| Petitioner-Appellant, | ) | Filed: October 1, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Melissa Moody, District Judge.

Judgment summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Charles Sheldton Coleman, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

LANSING, Judge

Charles Sheldton Coleman appeals from the summary dismissal of his petition for post-conviction relief. We affirm.

## I.

## BACKGROUND

This post-conviction action relates to three different criminal cases, which were consolidated for sentencing. In Docket No. 38706, Coleman pleaded guilty to felony unlawful exercise of functions of a peace officer. Idaho Code § 18-711. The district court sentenced Coleman to a unified term of five years, with two years determinate. In Docket No. 38707, Coleman pleaded guilty to robbery, I.C. §§ 18-6501, 18-6502, and was sentenced to a unified term of thirty-one years, with six and one-half years determinate, to run concurrently with the sentence imposed in Docket No. 38706. In Docket No. 38708, Coleman pleaded guilty to felony battery on a sheriff. I.C. §§ 18-915(3), 18-903(a). The district court sentenced Coleman to a

unified term of five years, with six months determinate, to run consecutively to the sentences imposed in Docket Nos. 38706 and 38707.

Following sentencing, Coleman filed Idaho Criminal Rule 35 motions, concurrently with a motion for appointment of counsel, as to all three cases. The district court denied the motions. Coleman appealed, and this Court affirmed. *State v. Coleman*, Docket Nos. 38706/38707/38708 (Ct. App. Apr. 9, 2012) (unpublished).

Thereafter, Coleman filed a petition seeking post-conviction relief in all three criminal cases, and counsel was appointed to represent him. Coleman's attorney then filed an amended petition, which asserted as the sole claim for relief that his trial counsel was ineffective for failing to request an Idaho Code § 19-2522 psychological evaluation to aid at sentencing.

The district court issued a notice of intent to dismiss. Following receipt of Coleman's response to the notice and a hearing, the district court dismissed the petition. Coleman appeals from that judgment.

## II.

## STANDARD OF REVIEW

A petition for post-conviction relief must present or be accompanied by admissible evidence supporting its allegations or it will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011); *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994). Idaho Code Section 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if "it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." I.C. § 19-4906(c). When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *State v. Payne*, 146 Idaho 548, 561, 199 P.3d 123, 136 (2008); *Roman*, 125 Idaho at 647, 873 P.2d at 901. Claims may be summarily dismissed if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *McKay v. State*, 148 Idaho 567, 570, 225 P.3d 700, 703

2

(2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009); *Charboneau v. State*, 144 Idaho 900, 903, 174 P.3d 870, 873 (2007); *Berg v. State*, 131 Idaho 517, 518, 960 P.2d 738, 739 (1998); *Murphy v. State*, 143 Idaho 139, 145, 139 P.3d 741, 747 (Ct. App. 2006); *Cootz v. State*, 129 Idaho 360, 368, 924 P.2d 622, 630 (Ct. App. 1996).

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Berg*, 131 Idaho at 519, 960 P.2d at 740; *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008); *Roman*, 125 Idaho at 647, 873 P.2d at 901. Over questions of law, we exercise free review. *Rhoades v. State*, 148 Idaho 247, 250, 220 P.3d 1066, 1069 (2009); *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001); *Martinez v. State*, 130 Idaho 530, 532, 944 P.2d 127, 129 (Ct. App. 1997).

### III.

### ANALYSIS

On appeal, Coleman first asserts that he was denied due process at sentencing through a violation of Idaho Code § 19-2510. That statute provides that when a defendant appears for judgment he "must be asked whether he has any legal cause to show why judgment should not be pronounced against him." It is apparently Coleman's position that at sentencing the district court failed to comply with the statute because it posed the question to Coleman's attorney rather than to Coleman himself, and that the judgment of conviction incorrectly states that "the defendant, and his counsel" were asked.[1] The district court did not address this claim because Coleman did not assert such a claim in his petition or his amended petition. A cause of action not raised in the pleadings may not be raised on appeal. *Mickelsen Const., Inc. v. Horrocks*, 154 Idaho 396, 405, 299 P.3d 203, 212 (2013); *Nelson v. Big Lost River Irrigation Dist.*, 148 Idaho 157, 160, 219 P.3d 804, 807 (2009); *Bradley v. State*, 151 Idaho 629, 634, 262 P.3d 272, 277 (Ct. App. 2011) ("Generally, issues not raised below may not be considered for the first time on appeal."). Thus, we do not address Coleman's first claim of error.

---

[1]     It is not at all apparent that this is error, for no reported Idaho appellate court decision holds that the question mandated by I.C. § 19-2510 must be answered by the defendant personally. A defense attorney constitutes the defendant's legal representative and therefore ordinarily speaks for and on behalf of the defendant in judicial proceedings, particularly on matters involving a legal conclusion.

Coleman next argues that the district court erred in dismissing his claim of ineffective assistance of counsel. He asserts that a "GAIN-I" screening done prior to his sentencing diagnosed him as suffering from amphetamine dependence and major depressive disorder, but "ruled out" post-traumatic stress disorder and that a subsequent mental health assessment diagnosed him as suffering from polysubstance dependence, personality disorder, and post-traumatic stress disorder. Coleman argues that his trial counsel was ineffective for failing to further request an Idaho Code § 19-2522 psychological evaluation to resolve the "inconsistent diagnoses."

To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Hassett v. State*, 127 Idaho 313, 316, 900 P.2d 221, 224 (Ct. App. 1995). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988). To establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Id.* at 761, 760 P.2d at 1177.

In the proceedings below, Coleman asked the district court to take judicial notice of the GAIN-I evaluation and the mental health assessment to which Coleman refers. Coleman has likewise asked this Court to take judicial notice of the documents, and we have done so as they are available in the record from his criminal appeal.[2] These documents demonstrate that Coleman is incorrect in his assertion that they present inconsistent diagnoses. The "GAIN-I Recommendation and Referral Summary" is, as its name indicates, not a formal mental health evaluation but a screening tool from which are developed recommendations for referral to other evaluations or service, and it did include findings suggesting that a mental health assessment was needed. After the GAIN-I was complete, a full mental health evaluation was performed, which reported diagnoses of polysubstance dependence, post-traumatic stress disorder (PTSD), and personality disorder NOS. Contrary to Coleman's apparent belief, the diagnosis of PTSD in the mental health assessment was not inconsistent with the GAIN-I screening tool, although Coleman apparently believes that the GAIN-I said that it had "ruled out" PTSD, it actually said

---

[2]     A motion filed in advance of briefing is the preferable method to request an appellate court to take judicial notice.

"Rule Out--309.81 post-traumatic stress disorder or 308.30," apparently meaning that further assessment was needed in order to rule out PTSD. Even if the GAIN-I could be said to represent a full mental health evaluation, it is not markedly inconsistent with the subsequent mental health assessment.

Moreover, even if two mental health evaluations with slightly different diagnoses *were* submitted for the court's consideration at sentencing, that evidence, standing alone, would not show that defense counsel was objectively deficient for failing to request yet a third evaluation, nor would such evidence demonstrate any prejudice to Coleman from the absence of a third evaluation. Coleman neither pleaded any prejudice nor articulates on appeal how he was prejudiced. The implication that he would have received a lesser sentence had a third evaluation been done is entirely speculative. Thus, Coleman's claim fails for a lack of a showing of deficient performance or prejudice.

Because the facts presented by Coleman did not make a prima facie showing that Coleman's attorney was deficient or that he was prejudiced by his attorney's performance, the district court did not err by summarily dismissing the claim.

## IV.

## CONCLUSION

The judgment dismissing Coleman's petition for post-conviction relief is affirmed.

Chief Judge GUTIERREZ and Judge MELANSON **CONCUR.**