785 P.2d 176

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Guadalupe SANCHEZ, Defendant–Appellant.**

**Nos. 17684, 17889.**

Court of Appeals of Idaho.

Jan. 2, 1990.

Van G. Bishop, Nampa, for defendant-appellant.

Jim Jones, Atty. Gen. by Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent.

BURNETT, Judge.

This is a sentencing discretion case. Guadalupe Sanchez stands convicted by a jury of aggravated battery. She received an eight-year sentence with a five-year minimum period of confinement. She moved, unsuccessfully, for a reduction of the sentence under I.C.R. 35. In these consolidated appeals she attacks the judgment imposing the sentence and the order denying her Rule 35 motion. We affirm.

Aggravated battery is a felony carrying a maximum penalty of imprisonment for fifteen years. I.C. § 18–908. A motion to reduce a sentence within statutory limits is addressed to the court's sound discretion. *State v. Arambula*, 97 Idaho 627, 550 P.2d 130 (1976). The motion essentially is a plea for leniency which may be granted if the

**52**

sentence appears, upon later reflection, to be unduly severe. *State v. Lopez,* 106 Idaho 447, 680 P.2d 869 (Ct.App.1984). On appeal, the order denying a Rule 35 motion is reviewed in light of the same criteria that would apply to review of the sentence itself. *Id.* We examine the record of the original sentencing proceeding, together with any information subsequently presented in connection with the Rule 35 motion. *State v. Yarbrough,* 106 Idaho 545, 681 P.2d 1020 (Ct.App.1984).

Where, as here, the sentence was imposed under the Unified Sentencing Act, I.C. § 19-2513, we focus our review primarily upon the minimum period of confinement specified by the judge. *State v. Sanchez,* 115 Idaho 776, 769 P.2d 1148 (Ct. App.1989). In evaluating the reasonableness of this period, we apply the substantive criteria set forth in *State v. Toohill,* 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App.1982):

> [A] term of confinement is reasonable to the extent it appears necessary, at the time of sentencing, to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case. A sentence of confinement longer than necessary for these purposes is unreasonable. Such determinations cannot be made with precision. In deference to the discretionary authority vested in Idaho's trial courts, we will not substitute our view for that of a sentencing judge where reasonable minds might differ. An appellant must show that, under any reasonable view of the facts, his sentence was excessive in light of the foregoing criteria.

To the extent that the minimum period of confinement represents the judicially determined "price" of a crime, it implicates the criteria of retribution and deterrence. *State v. Sanchez, supra.* Insofar as the duration of confinement also establishes a prospective time frame for evaluation of the prisoner's eventual suitability for parole, it implicates the criteria of rehabilitation and protection of society. *Id.*

As we apply these criteria to the instant case, we consider the nature of the offense and the character of the offender. Sanchez committed the aggravated battery by slashing her victim with a knife. The wounds required seventy-three stitches to close. Sanchez had a previous criminal history, including a withheld judgment for burglary and a grand theft conviction. After Sanchez was placed on probation for the grand theft conviction, a probation violation report was filed on the basis of yet another theft charge.

■ Despite the seriousness of the instant offense and the existence of a prior criminal record, Sanchez has argued that the district judge denied her Rule 35 motion largely because she refused to admit—even after being convicted—that she had committed the aggravated battery. Sanchez contends that the judge focused inappropriately on this factor. However, we held in *State v. Lawrence,* 112 Idaho 149, 157, 730 P.2d 1069, 1077 (Ct.App.1986) (review denied), that although a defendant may not be penalized for putting the prosecution to its burden of proof at trial, the sentencing judge need not ignore a persistent denial of wrongdoing, after guilt has been reliably adjudicated. Acknowledgement of guilt is a critical step toward rehabilitation—an important sentencing goal under *State v. Toohill* and *State v. Sanchez, supra.* Consequently, the district court did not err by considering this factor when it denied the Rule 35 motion.

■ Sanchez also invites our attention to evidence presented in support of her Rule 35 motion, that she has exhibited good conduct while in prison. Evidence of this kind is worthy of consideration; but as every judge knows, it may not be an accurate indicator of future conduct in a noncustodial setting. The evidence must be viewed against the entire record. In this case, when we consider the violent offense and the totality of information about the offender, we cannot say the sentence was unreasonable. Accordingly, the judgment

imposing the sentence and the order denying the Rule 35 motion are affirmed.

WALTERS, C.J., and SWANSTROM, J., concur.