828 P.2d 329

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Lennard Peter BIANCHI, Defendant–Appellant.**

**No. 19313.**

Court of Appeals of Idaho.

March 4, 1992.

Van G. Bishop, Nampa, for defendant-appellant.

Larry EchoHawk, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., for plaintiff-respondent.

SWANSTROM, Judge.

Lennard Peter Bianchi was charged with three counts of grand theft by false promise. I.C. § 18–2403(2)(d). Later, the state moved to amend its indictment, seeking to enhance the penalty for the charges based on the persistent violator statute. I.C. § 19–2514. Pursuant to plea negotiations, Bianchi pled guilty to two of the three counts of grand theft by false promise, and the state agreed to drop one count, to withdraw its motion to enhance the penalty, and to refrain from charging Bianchi with four additional counts. Bianchi received two concurrent unified ten-year sentences, each with a five-year minimum term of confinement.

Bianchi brought an I.C.R. 35 motion for reconsideration of his sentences. He also moved the court to issue an order requesting a progress report from the Idaho State Correctional Institution for use in deciding the Rule 35 motion. The court ordered the progress report, but after six months had elapsed without receiving the report, the court elected to decide the Rule 35 motion without it. The court denied Bianchi's Rule 35 motion, and he appeals. We affirm.

Bianchi has been self-employed doing construction and remodeling work for many years. The two convictions resulted from Bianchi's failure to build structures and purchase materials which he had agreed to do. Bianchi had received and did not return a total of $911 for the two contracts. Each count of the indictment to which Bianchi pled guilty alleged that Bianchi had obtained the money by promising to engage in certain conduct which he had never intended to complete, and that he did so pursuant to a scheme to defraud.

The only issues before us are whether the district court abused its discretion in denying the Rule 35 motion and in deciding the motion without the aid of the previously ordered progress report. The sentences are within the statutory guidelines and thus are not illegal. I.C. § 18–2408(2)(a). A Rule 35 motion is basically a plea for leniency. State v. Allbee, 115 Idaho 845, 771 P.2d 66 (Ct.App.1989). Bianchi must show either that the sentences were excessive when pronounced or that they are excessive in view of new or additional information. "If he fails to make this showing, we cannot say that denial of the motion by the district court represents an abuse of discretion." State v. Caldwell, 119 Idaho 281, 284, 805 P.2d 487, 490 (Ct.App.1991).

We will not disturb a lower court's denial of a Rule 35 motion absent an abuse of discretion based upon a review of the entire record while applying the same criteria used to determine the reasonableness of the sentence. State v. Allbee, supra. We explained reasonableness in State v. Toohill, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App.1982):

[A] term of confinement is reasonable to the extent it appears necessary, at the time of sentencing, to accomplish the primary objective of protecting society and to achieve any or all of the related goals

**768**

of deterrence, rehabilitation, or retribution applicable to a given case. A sentence of confinement longer than necessary for these purposes is unreasonable.

Such determinations cannot be made with precision. In deference to the discretionary authority vested in Idaho's trial courts, we will not substitute our view for that of a sentencing judge where reasonable minds might differ. An appellant must show that, under any reasonable view of the facts, his sentence was excessive in light of the foregoing criteria.

Because the sentences were imposed under the Unified Sentencing Act, we treat the five-year minimum period of confinement specified by the sentencing court as the probable duration of the sentences. I.C. § 19–2513; *State v. Sanchez,* 115 Idaho 776, 769 P.2d 1148 (Ct.App.1989).

The sentences may appear harsh considering only the immediate facts of the two crimes on which guilty pleas were made. Bianchi obtained $911 from his false promises in these two incidents. For these Bianchi was sentenced to two terms of five years fixed, to be followed by five years indeterminate, with the sentences running concurrently. However, upon additional information, which the sentencing court is allowed to consider, we cannot say that the sentences are excessive.

■ The district judge based his decision on several things, including information furnished in a presentence report (PSI). The court first noted many of the factors it could consider when deciding whether or not to grant probation. I.C. § 19–2521. The judge specifically found that none of the factors tending to support a sentence of probation existed in this case. The record also reveals that in 1977, Bianchi was convicted and served time in the penitentiary for crimes similar to those involved in the instant case. The PSI indicates that Bianchi used the same excuse for his present crimes as he had in the past; namely, that he could not complete performance due to the fault of another, in the instant case, an employee who stole Bianchi's van and some tools. This excuse contradicts the specific intent element of the offenses, namely, that he contracted to perform work and received money with the intent to defraud and not perform the agreements. Bianchi's prior record consists of several felonies, although most of them occurred over twenty years ago. More importantly, the PSI indicates that during the time leading up to the present charges, there were over twenty-four victims, although only three charges were brought.

The judge correctly articulated his primary purpose in sentencing which is to protect the public. The judge also addressed his concern that there was a significant risk that Bianchi would participate in this type of conduct again if released on probation. In addition to protecting the public, the judge stated that incarceration would provide adequate punishment and deterrence for Bianchi. While we empathize with Bianchi's family situation and his disability resulting from a motorcycle accident, and we have read the many letters of support contained in the record, we cannot hold that the district judge abused his discretion.

■ We also hold that the district court's decision to proceed without the previously ordered progress report was not an abuse of discretion. Bianchi was denied the Rule 35 relief he had requested six months after the order requesting the progress report. It cannot be said that the burden of obtaining that report is upon the court or the state. Furthermore, when considering the motion, the court assumed that the progress report would be favorable to Bianchi. In addition, Bianchi does not present to this court any specifics which that report would have contained to support the reduction of his sentence to a lesser period of incarceration.

Bianchi does not point to any new information that would justify a reduction in his sentence, does not allege any specific information that the progress report would have contained which would establish an adequate basis to reduce his sentence, and has failed to demonstrate that his sentences were excessive when imposed. Bianchi has

not made the required showing that under any reasonable view of the facts his sentences are excessive, and thus we cannot find that the district court abused its discretion in denying the Rule 35 motion and in deciding that motion without the progress report. The order denying the Rule 35 motion is affirmed.

WALTERS, C.J., and SILAK, J., concur.