900 P.2d 221

Steven L. HASSETT, Petitioner–
Appellant,

v.

STATE of Idaho, Respondent.

No. 21486.

Court of Appeals of Idaho.

July 25, 1995.

Aherin & Rice, P.A., Lewiston, for appellant.

Alan G. Lance, Atty. Gen. and Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for respondent.

WALTERS, Chief Judge.

Steven L. Hassett appeals from a district court's order summarily dismissing his application for post-conviction relief. For the reasons explained below, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Steven Hassett was found guilty by a jury of felony injury to a child, I.C. § 18–1501(1), based on evidence that he had physically injured his month-old son. He was also found to be a persistent violator pursuant to I.C. § 19–2514. Following receipt and review of a presentence investigation report, the district court imposed a unified twenty-year sentence, with a ten-year minimum period of confinement. The court ordered the sentence to run consecutively with another sentence Hassett was serving at the time. The underlying facts of the offense, and the circumstances relating to Hassett's sentence, are set forth in a prior opinion of this Court affirming the judgment of conviction and sentence. *State v. Hassett,* 124 Idaho 357, 859 P.2d 955 (Ct.App.1993).

On February 2, 1994, Hassett filed a motion, *pro se,* in the district court which had entered the judgment of conviction and sentence, requesting that the court order a progress report from the Idaho Correctional Institution. This motion was not accompanied by any other pleadings, did not contain any reason for the request, or specify what such a progress report would reveal. The district court did not directly rule on the motion but instead, on February 9, appointed an attorney to represent Hassett. Thereafter, on April 27, the attorney filed an application for post-conviction relief on behalf of Hassett, raising a claim of ineffective assistance on the part of Hassett's trial counsel, Mr. Fitzgerald. The petition alleged that after Hassett was sentenced he requested Fitzgerald to file a motion under I.C.R. 35 for a reduction in the sentence but that Fitzgerald had failed to file such a motion. Attached to Hassett's application were copies of correspondence between Hassett and Fitzgerald, and a Rule 35 motion which was prepared by Fitzgerald but was never filed. There were no allegations that new or additional information existed to show that Hassett's sentence, as imposed, was unreasonable or unduly severe.

On May 12, the court filed a notice of intent to dismiss the application for post-conviction relief, and on June 1 entered an order dismissing the application. Hassett appeals from the dismissal order.

## ISSUES

Hassett raises two issues on appeal. He contends first that the district court erred in denying him an evidentiary hearing before dismissing his application for post-conviction relief. Second, Hassett asserts that the district court abused its discretion by failing to rule on Hassett's motion for a progress report.

## DISCUSSION

██ An application for post-conviction relief initiates a proceeding which is civil in nature. *State v. Bearshield,* 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Clark v. State,* 92 Idaho 827, 830, 452 P.2d 54, 57 (1969); *Murray v. State,* 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct.App.1992). Summary dismissal of an application pursuant to I.C. § 19–4906 is the procedural equivalent of summary judgment under I.R.C.P. 56. Like a plaintiff in a civil action, the applicant must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. I.C. § 19–4907; *Russell v. State,* 118 Idaho 65, 67, 794 P.2d 654, 656 (Ct.App.1990). An application for post-conviction relief differs from a complaint

in an ordinary civil action, however, for an application must contain much more than "a short and plain statement of the claim" that would suffice for a complaint under I.R.C.P. 8(a)(1). Rather, an application for post-conviction relief must be verified with respect to facts within the personal knowledge of the applicant, and affidavits, records or other evidence supporting its allegations must be attached, or the application must state why such supporting evidence is not included with the petition. I.C. § 19–4903. In other words, the application must present or be accompanied by admissible evidence supporting its allegations, or the application will be subject to dismissal.

 Idaho Code § 19–4906 authorizes summary disposition of an application for post-conviction relief, either pursuant to motion of a party or upon the court's own initiative. Summary dismissal is permissible only when the applicant's evidence has raised no genuine issue of material fact which, if resolved in the applicant's favor, would entitle the petitioner to the requested relief. If such a factual issue is presented, an evidentiary hearing must be conducted. *Gonzales v. State*, 120 Idaho 759, 763, 819 P.2d 1159, 1163 (Ct.App.1991); *Hoover v. State*, 114 Idaho 145, 146, 754 P.2d 458, 459 (Ct.App.1988); *Ramirez v. State*, 113 Idaho 87, 89, 741 P.2d 374, 376 (Ct.App.1987). Summary dismissal of a petition for post-conviction relief may be appropriate, however, even where the state does not controvert the applicant's evidence, for the court is not required to accept either the applicant's mere conclusory allegations, unsupported by admissible evidence, or the applicant's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct.App.1994); *Hays v. State*, 113 Idaho 736, 739, 747 P.2d 758, 761 (Ct.App.1987), *aff'd* 115 Idaho 315, 766 P.2d 785 (1988); *Baruth v. Gardner*, 110 Idaho 156, 159–60, 715 P.2d 369, 372–73 (Ct.App.1986).

 A claim of ineffective assistance of counsel, based upon counsel's alleged failure to timely file a Rule 35 motion, may properly be brought under the post-conviction procedure act. *Murray v. State*, 121 Idaho 918, 924–25, 828 P.2d 1323, 1329–30 (Ct.App. 1992). To prevail on an ineffective assistance

of counsel claim, the defendant must show that his attorney's performance was deficient, and that he was prejudiced thereby. *Davis v. State*, 116 Idaho 401, 406, 775 P.2d 1243, 1248 (Ct.App.1989). To establish a deficiency, the applicant has the burden of showing that his attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Davis*, 116 Idaho at 406, 775 P.2d at 1248. To establish prejudice, the applicant must show a reasonable probability that, but for his attorney's inadequate performance, the outcome of his proceeding before the trial court would have been different. *Id.* Furthermore, in a post-conviction proceeding challenging an attorney's failure to pursue a motion in the underlying criminal action, the court properly may consider the probability of success of the motion in question in determining whether the attorney's inactivity constituted incompetent performance. *Huck v. State*, 124 Idaho 155, 158, 857 P.2d 634, 637 (Ct.App.1993).

As noted above, in order to prevail on a claim of ineffective assistance of counsel an applicant must meet a two-pronged test. The applicant must show both that counsel's performance was deficient and that the deficiency prejudiced the applicant. Where the alleged deficiency is counsel's failure to file a ... motion, a conclusion that the motion, if pursued, would not have been granted, is generally determinative of both prongs of the test. If the motion lacked merit and would have been denied, counsel ordinarily would not be deficient for failing to pursue it, and, concomitantly, the petitioner could not have been prejudiced by the want of its pursuit.

*Huck*, 124 Idaho at 158–59, 857 P.2d at 637–38. Although the rule expressed in *Huck* relates to consideration of nonmeritorious motions, we believe the same principle can be applied in reviewing a motion calling for the exercise of the trial court's discretion where the trial court explains why it would have exercised its discretion by denying such a motion even if the motion had been timely pursued.

In the instant case, the district court noted that while there was evidence presented in

support of the allegations of deficient performance, there was no evidence to show actual prejudice resulting from the alleged deficiency. Then, by following the procedure approved in *Voytik v. United States,* 778 F.2d 1306 (8th Cir.1985), cited by this Court in *Murray, supra,* the district court reached the conclusion that Hassett had not been prejudiced by his attorney's failure to seek a reduction in his sentence. In *Voytik,* the appeals court upheld an order dismissing an application for post-conviction relief without an evidentiary hearing where the trial judge had ruled that, after careful analysis of the record, he would not have granted a reduction in the prisoner's sentence even if a timely Rule 35 motion had been filed. Similarly, the district court here dismissed Hassett's claim of ineffective assistance of counsel in not timely filing a Rule 35 motion, holding:

> The petition presents no additional facts or factors which might have resulted in the reduction of [Hassett's] sentence.
>
> After a thorough review of the record in Petitioner's criminal case number CR 90–72133, the Court concludes that it would not have reduced Mr. Hassett's sentence had there been a timely Rule 35 motion.
>
> The Court has examined the entire file including the Presentence Report. Also, this Court presided over the trial of Mr. Hassett and is familiar with the facts of the case. Considering the objectives of sentencing and all that has been presented to the Court, the sentence imposed was minimal. The defendant should not be paroled for at least the ten year fixed term and, after that, only if the parole board believes that parole is consistent with the objective of "protection of society."

Because the district court found that there was no genuine issue of material fact in the record to support the allegation of prejudice caused by the alleged ineffective assistance of counsel, the court dismissed the application.

Hassett, however, disagrees with the district court's disposition of his claim. He argues that his motion for a progress report raised an "issue of fact" regarding his rehabilitative progress that could have been considered by the court had his attorney filed a timely Rule 35 motion. He asserts that the motion was an attempt to obtain facts beyond those in the record which could have been presented in support of his application. Hassett concludes that the district court abused its discretion by limiting the information available to it before summarily dismissing his application, thus committing reversible error.

 A motion under Rule 35 which does not allege any illegality in a sentence, or in the manner in which the sentence was imposed, essentially is a plea for leniency that may be granted if the sentence was, for any reason, unduly severe. *State v. Hassett,* 110 Idaho 570, 571, 716 P.2d 1342, 1343 (Ct. App.1986). Here, on his direct appeal, Hassett's sentence previously was upheld as legal and reasonable in light of the circumstances of the offense and Hassett's prior criminal history, *State v. Hassett,* 124 Idaho 357, 859 P.2d 955 (Ct.App.1993). Accordingly, a grant of leniency by the district court was the only basis upon which Hassett could have expected any desired relief from pursuit of a Rule 35 motion. The criteria for evaluating a court's refusal to reduce a sentence are the same as those applied in determining whether the original sentence was excessive. *See State v. Toohill,* 103 Idaho 565, 650 P.2d 707 (Ct.App.1982). We have held that an abuse of the court's discretion is demonstrated where a court unduly limits the information considered before deciding a Rule 35 motion. *State v. Torres,* 107 Idaho 895, 898, 693 P.2d 1097, 1100 (Ct.App.1984). However, the district court does not necessarily unduly narrow its discretion by denying the petitioner's request for a progress report. *State v. Pattan,* 116 Idaho 699, 700, 778 P.2d 821, 822 (Ct.App.1989).

 If we assume that Hassett had provided the court with a progress report that was substantially favorable, and the court accepted the facts asserted, the court still had the discretion to deny the motion. *State v. Findeisen,* 119 Idaho 903, 905, 811 P.2d 513, 515 (Ct.App.1991). We have held that although good conduct while in prison is worthy of consideration, it may not necessarily result in a reduction of a prisoner's sentence. *State v. Sanchez,* 117 Idaho 51, 52, 785 P.2d

176, 177 (Ct.App.1990). Indeed, we have also held that it is not an abuse of discretion for the trial court to deny leniency under Rule 35 without first receiving a previously ordered progress report. *State v. Bianchi*, 121 Idaho 766, 828 P.2d 329 (Ct.App.1992).

The district court clearly expressed its inclination not to reduce Hassett's sentence regardless of whether a favorable progress report had been obtained. The district court also opined that the minimum period of confinement of ten years should remain in place, and that whether Hassett should remain confined during the ensuing ten-year indeterminate portion of his sentence should be left to the parole board. The district court's determination in this regard was consistent with the Supreme Court's observation in *Brandt v. State*, 118 Idaho 350, 796 P.2d 1023 (1990), where, upon deciding that Brandt was not entitled to a reduction of his sentence either under Rule 35 or by way of his application for post-conviction relief, the Court said:

> [W]e join with the trial court in observing that "[s]hould [Brandt's rehabilitative] progress and improvement in attitude continue over the next several years, the court believes that an adjustment by the Commission for Pardons and Parole of Mr. Brandt's overall sentence would be indicated."

*Brandt*, 118 Idaho at 352–53, 796 P.2d at 1025–26.

## CONCLUSION

Under the circumstances in this case, we conclude that the district court did not err by dismissing Hassett's application for post-conviction relief without further hearing or without obtaining a progress report from the correctional authorities. The order summarily denying Hassett's application for post-conviction relief due to the absence of prejudice caused by the alleged ineffective assistance of trial counsel is affirmed.

LANSING, J., concurs.

CAREY, Judge Pro Tem., specially concurring.

I concur in the analysis and the result, which also are supported by the recent case of *McDonald v. State*, 124 Idaho 103, 856 P.2d 893 (Ct.App.1992). In *McDonald* the Court of Appeals intimated that a post-conviction hearing may be unnecessary if the trial judge determines that his or her discretionary decision will not change even if the allegations in the application for post-conviction relief are true and even if the application shows that the original proceedings may have been tainted by legal or factual error.