**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 39197**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2012 Unpublished Opinion No. 756** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: December 6, 2012** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **STEVEN WAYNE CRAWFORD,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Thomas J. Ryan, District Judge.

Order denying Idaho Criminal Rule 35 motion for reduction of sentence, affirmed.

Sara B. Thomas, State Appellate Public Defender; Spencer J. Hahn, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; GUTIERREZ, Judge;
and MELANSON, Judge

_____

PER CURIAM

Steven Wayne Crawford pled guilty to possession of a controlled substance with intent to deliver, Idaho Code § 37-2732(a)(1)(A), and sexual battery of a minor child sixteen or seventeen years of age, I.C. § 18-1508A. The district court sentenced Crawford to two concurrent, unified terms of twenty years, with four years determinate. Crawford filed an Idaho Criminal Rule 35 motion for reduction of his sentences and a motion for progress report, requesting the court to order a progress report from the Idaho State Board of Correction. The district court issued an order for a progress report from the Idaho State Board of Correction, but did not receive a report. Almost five months after ordering the progress report, the district court entered an order denying

1

Crawford's Rule 35 motion. Crawford appeals, contending the district court abused its discretion by denying his Rule 35 motion without receiving or considering the progress report.

A motion for reduction of sentence under Rule 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007).

The burden of showing that the original sentence was unduly severe is upon the moving party. *State v. Wright*, 114 Idaho 451, 453, 757 P.2d 714, 716 (Ct. App. 1988). As such, it was Crawford's burden to follow up receipt of the ordered progress report in support of his motion. The district court waited almost five months after ordering the progress report, allowing ample time for Crawford to follow up receipt of the progress report, before denying Crawford's motion. It cannot be said the burden of obtaining the report is upon the court or the State. *State v. Bianchi*, 121 Idaho 766, 768, 828 P.2d 329, 331 (Ct. App. 1992). Accordingly, the district court's decision to proceed without the previously ordered progress report was not an abuse of discretion. *Hassett v. State*, 127 Idaho 313, 318, 900 P.2d 221, 226 (Ct. App. 1995); *Bianchi*, 121 Idaho at 768, 828 P.2d at 331.

Furthermore, the district court did consider Crawford's good performance while incarcerated, along with other information submitted by Crawford in support of his Rule 35 motion. More specifically, Crawford submitted letters of support from friends and family, advised he was performing well while incarcerated, reiterated his criminal conduct was largely due to his substance abuse issues that should be addressed in a retained jurisdiction program, and reiterated that the psychosexual evaluator concluded he was amenable to community based treatment. However, the district court was already aware of this information at the time of sentencing, including that Crawford was performing well while incarcerated and was supported by his friends and family. Therefore, even if we were to assume the progress report was substantially favorable, the district court still had discretion to deny the motion. *Hassett*, 127 Idaho at 318, 900 P.2d at 226; *State v. Sanchez*, 117 Idaho 51, 52, 785 P.2d 176, 177 (Ct. App. 1990). This Court has previously held that while good conduct in prison may be worthy of consideration, it may not be an accurate indicator of future conduct in a noncustodial setting and

2

must be viewed against the entire record.  *Hassett*, 127 Idaho at 318, 900 P.2d at 226; *Sanchez*, 117 Idaho at 52, 785 P.2d at 177.

Upon review of the record, we conclude no abuse of discretion has been shown. Therefore, the district court's order denying Crawford's Rule 35 motion is affirmed.