**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 42299**

| | | |
|---|---|---|
| **LESLIE ROY LYNCH,** | ) | **2015 Unpublished Opinion No. 684** |
| | ) | |
| Petitioner-Appellant, | ) | **Filed: October 30, 2015** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **STATE OF IDAHO,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Respondent. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Gooding County. Hon. John K. Butler, District Judge.

Judgment dismissing claims for post-conviction relief, <u>affirmed</u>.

Leslie Roy Lynch, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Judge

Leslie Roy Lynch appeals from an order summarily dismissing post-conviction claims. For the reasons set forth below, we affirm.

**I.**

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

The underlying facts of the criminal case are set forth in this Court's decision in Lynch's direct appeal. *State v. Lynch*, No. 37303 (Ct. App. Feb. 14, 2012) (unpublished). Lynch pled guilty to and was convicted of two counts of sexual abuse of a child, a felony, a violation of Idaho Code § 18-1506(1)(b). Lynch was sentenced to the Idaho Department of Correction for a unified sentence of fifteen years, with ten years determinate.

Following his direct appeal, Lynch filed a verified amended petition for post-conviction relief, asserting four claims of ineffective assistance of counsel and two jurisdictional claims, as described below. The district court filed a notice of intent to dismiss and, after response by the

1

petitioner, the court issued an order summarily dismissing five of the six claims. Lynch appeals from the order summarily dismissing these claims.[1]

## II.

## ANALYSIS

A petition for post-conviction relief initiates a proceeding that is civil in nature. I.C. § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under I.R.C.P. 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code § 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App.

---

[1] The remaining claim for relief, related to Lynch's claim that his Fifth Amendment right against self-incrimination ("*Estrada*" rights), was dismissed following an evidentiary hearing and Lynch has not appealed that order. *Estrada v. State*, 143 Idaho 558, 149 P.3d 833 (2006).

1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the State does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. Over questions of law, we exercise free review. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

## A. The District Court Did Not Err in Summarily Dismissing the Ineffective Assistance of Counsel Claims

Lynch appeals from the district court's order summarily dismissing Counts I, III, and IV of the post-conviction petition which alleged ineffective assistance of counsel because his attorneys failed to adequately prepare for sentencing, because his attorneys failed to object to the

psychosexual evaluation, and because he had a contract with an attorney who he believed would be handling the important matters in his case, but he was instead represented by an associate throughout most of the case. The district court summarily dismissed these claims because Lynch failed to set forth facts or admissible evidence to support the claims and did not provide legal support and argument in support of these claims.

A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Murray v. State*, 121 Idaho 918, 924-25, 828 P.2d 1323, 1329-30 (Ct. App. 1992). To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Hassett v. State*, 127 Idaho 313, 316, 900 P.2d 221, 224 (Ct. App. 1995). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988). Where, as here, the petitioner was convicted upon a guilty plea, to satisfy the prejudice element, the claimant must show that there is a reasonable probability that, but for counsel's errors, he or she would not have pled guilty and would have insisted on going to trial. *Plant v. State*, 143 Idaho 758, 762, 152 P.3d 629, 633 (Ct. App. 2006). This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Howard v. State*, 126 Idaho 231, 233, 880 P.2d 261, 263 (Ct. App. 1994).

Lynch first argues that his attorneys were ineffective because they failed to adequately prepare for his sentencing. At sentencing Lynch was originally sentenced to a unified sentence of twenty years, with ten years determinate, but this sentence was later corrected to reflect the maximum sentence allowed by Idaho Code § 18-1506 as it existed in 1996. The district court dismissed this claim because Lynch failed to show that he was prejudiced because the sentence was corrected, and Lynch was sentenced within the maximum sentence allowed. The transcript of the sentencing hearing shows that Lynch's counsel made appropriate objections to evidence the State sought to use during sentencing, called character witnesses on behalf of Lynch, and made a comprehensive argument on behalf of Lynch, including argument regarding the defense's concerns with the psychosexual evaluation. The district court did not err in dismissing this claim because Lynch has failed to establish that he was prejudiced by the error at sentencing and has failed to

4

include evidence or other support that would suggest that he would have originally received a shorter determinate sentence if his attorneys had done something differently at the time of sentencing.

Lynch also argues that his attorneys were ineffective because they failed to object to the psychosexual evaluation or to request another evaluation be completed. The district court dismissed this claim because Lynch failed to support his claim with any legal or factual argument that would support this claim. On appeal, Lynch argues that he was prejudiced because his attorneys did not attend the psychosexual evaluation process and thus, were unable to rebut the portions of the report that led to Lynch receiving a determinate sentence of ten years. We addressed this issue in *Hughes v. State*, 148 Idaho 448, 224 P.3d 515 (Ct. App. 2009) and held that the "Sixth Amendment right to the effective assistance of counsel, in the context of a [psychosexual evaluation], is satisfied by counsel advising the defendant prior to the conduct of the examination itself, without requiring counsel's physical presence at the examination." *Id.* at 456-57, 224 P.3d 523-24. The district court did not err in dismissing this post-conviction claim.

Finally, Lynch argues that he received ineffective assistance of counsel because his attorney allowed a less experienced associate to represent him throughout his case. The district court dismissed this claim because it was not supported with any factual or legal basis. On appeal, Lynch has failed to support his claim with legal authority or argument and has failed to show that he was prejudiced by the representation he received from either of his attorneys. The district court did not err in dismissing this post-conviction claim.

**B.     The District Court Did Not Err in Summarily Dismissing the Jurisdictional Post-Conviction Claims**

Lynch appeals the district court's order summarily dismissing Counts V and VI of his post-conviction petition. Count V asserted that Idaho Criminal Rule 5(c) was violated in his criminal case, and that he was not afforded counsel during his arraignment which prejudiced him because he was unable to defend himself at arraignment and during his case. Count VI alleged that the charges in his criminal case violated *State v. McGreevey*, 17 Idaho 453, 105 P. 1047 (1909) because he could not have been charged with the 1997 crimes in the 2008 criminal case at issue in this matter. In the petition, Lynch did not raise a claim that the charged offenses were barred by the statute of limitations, but did so in his response to the notice of intent to dismiss. The district court dismissed these claims because Lynch failed to set forth facts or admissible evidence to support the claims, and did not provide legal support and argument in support of

5

these claims. The district court also made specific findings as to the statute of limitations claim and found that this claim was not supported by facts or evidence that would entitle him to relief.

The record supports the district court's decision to summarily dismiss these claims, and we agree that Lynch failed to support his claims with legal or factual support. The district court did not err in summarily dismissing these claims.

## III.

## CONCLUSION

We affirm the district court's decision summarily dismissing Counts I, III, IV, V, and VI of Lynch's petition for post-conviction relief.

Chief Judge MELANSON and Judge GRATTON **CONCUR**.