**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 42780**

| | | |
|---|---|---|
| ALIK G. TAKHSILOV, | ) | 2016 Opinion No. 6 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: January 28, 2016 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Melissa Moody, District Judge.

Judgment summarily dismissing petition for post-conviction relief, vacated and remanded.

Nevin, Benjamin, McKay & Bartlett, LLP; Deborah Whipple, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

---

MELANSON, Chief Judge

Alik G. Takhsilov appeals from the district court's judgment summarily dismissing Takhsilov's petition for post-conviction relief. Specifically, Takhsilov alleges that he raised a genuine issue of material fact that his trial counsel was ineffective for failing to request a competency evaluation prior to entry of his guilty pleas. For the reasons set forth below, we vacate and remand.

Takhsilov was charged with several crimes, including robbery and burglary. On March 13, 2012, while the case was pending, Takhsilov was deemed not compentent to proceed and was transferred to Idaho State Hospital South. After a three-month stay at the hospital, on June 11, 2012, Takhsilov was deemed to be competent to stand trial. On March 5, 2013,

1

Takhsilov pled guilty to one count of robbery, I.C. § 18-6501, and one count of burglary, I.C. § 19-1401, and the other charges were dismissed.

Takhsilov alleges that, at the time of his guilty pleas, he was experiencing the same symptoms that had originally rendered him not competent to stand trial, including hearing voices. As a result, Takhsilov claims he was unable to understand the proceedings against him and, therefore, was not competent to enter pleas of guilty.[1] Takhsilov filed a petition for post-conviction relief, alleging that his trial counsel was ineffective for failing to request a mental health evaluation prior to Takhsilov pleading guilty.

The state filed a motion for summary dismissal, alleging, among other things, that Takhsilov had not met his burden of providing sufficient facts to avoid dismissal because he did not present an expert opinion that he was not competent at the time he pled guilty. The district court gave notice of its intent to dismiss Takhsilov's petition. The entirety of its notice stated:

> The Court hereby gives [Takhsilov] notice that it intends to dismiss [Takhsilov's] July 18, 2014 Amended Petition for Post-Conviction relief on the grounds stated in [the state's] Motion for Summary Dismissal filed on September 16, 2014.
> [Takhsilov] is hereby granted twenty (20) days to reply to this proposed dismissal. In light of the reply or on default thereof, the Court may dismiss the Petition.

Takhsilov did not respond and the district court dismissed his petition. The district court's judgment dismissing Takhsilov's petition states, in its entirety:

> [Takhsilov's] July 18, 2014 Amended Petition for Post-Conviction Relief is hereby dismissed for the reasons stated in [the state's] September 16, 2014 Motion for Summary Dismissal.

On appeal, Takhsilov alleges that he was not required to provide an expert opinion that he was not competent at the time of his guilty pleas and that the evidence he provided was sufficient to raise a genuine issue of material fact regarding his trial counsel's ineffective assistance.

---

[1]    Idaho Code Section 18-210 provides:

> No person who as a result of mental disease or defect lacks capacity to understand the proceedings against him or to assist in his own defense shall be tried, convicted, sentenced or punished for the commission of an offense so long as such incapacity endures.

A petition for post-conviction relief initiates a proceeding that is civil in nature. I.C. § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under I.R.C.P. 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code Section 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the state does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. Over questions of law, we exercise free review. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

A claim of ineffective assistance of counsel may properly be brought under the post-conviction procedure act. *Murray*, 121 Idaho at 924-25, 828 P.2d at 1329-30. To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Hassett v. State*, 127 Idaho 313, 316, 900 P.2d 221, 224 (Ct. App. 1995). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988). Where, as here, the petitioner was convicted

4

upon a guilty plea, to satisfy the prejudice element, the petitioner must show that there is a reasonable probability that, but for counsel's errors, he or she would not have pled guilty and would have insisted on going to trial. *Plant v. State*, 143 Idaho 758, 762, 152 P.3d 629, 633 (Ct. App. 2006).

Takhsilov alleges that he raised a genuine issue of material fact that his trial counsel was ineffective for failing to request a competency evaluation prior to his entry of his guilty pleas. However, we do not reach the merits of Takhsilov's argument because the district court relied upon incorrect legal grounds in providing Takhsilov notice of intent to dismiss and in summarily dismissing Takhsilov's petition for post-conviction relief. In the state's motion to dismiss, the state argued that Takhsilov was required to provide an expert's opinion that he was not competent at the time he pled guilty, relying upon *Ridgley*, 148 Idaho at 678, 227 P.3d at 932. The district court adopted the state's motion in its entirety, including this statement of law, in its notice of intent to dismiss and its judgment summarily dismissing Takhsilov's petition. We disagree with the state's interpretation of *Ridgley*. In *Ridgley*, the Idaho Supreme Court held that a person who claims ineffective assistance of counsel based upon counsel's failure to seek a competency determination prior to entering a guilty plea must provide admissible evidence showing that there is a reasonable probability that an examination at the time of the plea would have shown that the person was not competent. *Id*. The Court proceeded to explain that Ridgley only provided his opinion that he was not competent and that his opinion, alone, was insufficient to meet his burden because an opinion regarding an individual's competency must be made by a qualified expert under the Idaho Rules of Evidence. *Id*. at 679, 227 P.3d at 933. Because his own opinion was inadmissible, Ridgley had effectively provided no evidence regarding his incompetency at the time of his guilty plea.

The holding in *Ridgley* does not require an expert opinion, as the state argues. It only requires that any opinions regarding an individual's competence come from a qualified expert. To be clear, an expert opinion might satisfy the petitioner's burden of providing admissible evidence to establish a reasonable probability he or she was not competent at the time of the guilty plea. However, it is not the only evidence a petitioner might use to satisfy his or her burden. In addition, an individual might provide medical records illustrating his or her history of mental illness, affidavits regarding the individual's behavior at the time of the guilty plea,

whether he or she had been taking prescribed medications in the time period leading to the guilty plea, or any other evidence that is admissible under the Idaho Rules of Evidence.

In adopting the state's motion to dismiss in its entirety, the district court adopted the state's erroneous interpretation of *Ridgley*. Accordingly, the district court relied upon improper grounds in providing Takhsilov notice of its intent to dismiss and in dismissing Takhsilov's petition for post-conviction relief. Thus, we vacate the district court's judgment summarily dismissing Takhsilov's petition for post-conviction relief and remand to the district court to provide notice of its intent to dismiss on proper legal grounds, if any exist. Costs, but not attorney fees, awarded to Takhsilov on appeal.

Judge GUTIERREZ, **CONCURS**.

Judge GRATTON, **DISSENTING**.

I respectfully dissent. The motion by the State properly set forth the standards for summary dismissal of a petition for post-conviction relief, noting that "summary dismissal is permissible only when the applicant's evidence has raised no genuine issue of material fact." The State's motion also correctly notes that bare and conclusory allegations and legal conclusions of the petitioner are insufficient. In the motion, the State also correctly stated that "petitioner has the burden of proving 'by a preponderance of the evidence that he was not competent when he entered his guilty plea,' to be successful on a claim that counsel was ineffective for not requesting a mental health evaluation. *Ridgley v. State*, 148 Idaho 671, 678, 227 P.3d 925, 932 (2010)." It is in fact true that in order to ultimately demonstrate incompetence, a qualified expert's opinion is necessary. While in the "legal standards" section of the motion, the State incorrectly notes that such an expert opinion is necessary to survive summary dismissal, in the "argument" section of the motion, the State points out that since no expert opinion exists, what is left in this case is the petitioner's bare and conclusory assertions.

Takhsilov's amended petition claimed that:

Mr. Takhsilov reports that prior to entry of his guilty plea on March 5, 2013, he began hearing voices and was suffering greatly from his mental illness, deeming him once again not competent.

In his affidavit in support of the amended petition, Takhsilov alleged:

6

During the time after my stay at Idaho State Hospital-South, and prior to the entry of my guilty plea, I was suffering from the symptoms of my mental illness. I did not understand what was going on in my case.

These are the bare, conclusory, and unsupported allegations which warranted summary dismissal. Regardless of when and whether an expert opinion is necessary to succeed on the ineffective assistance claim, bare, conclusory, and unsubstantiated claims are insufficient to avoid summary dismissal. The motion, notice, and judgment are appropriately based upon that insufficiency. I respectfully dissent.