**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 52043**

| | |
|---|---|
| **CRAIG ROBERT FALK,** | ) |
| | ) **Filed: March 23, 2026** |
| **Petitioner-Appellant,** | ) |
| | ) **Melanie Gagnepain, Clerk** |
| **v.** | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| **STATE OF IDAHO,** | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| **Respondent.** | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Jason D. Scott, District Judge.

Judgment summarily dismissing amended petition for post-conviction relief, <u>affirmed</u>.

Nevin, Benjamin & McKay LLP; Dennis Benjamin, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

---

TRIBE, Chief Judge

Craig Robert Falk appeals from the district court's judgment summarily dismissing his amended petition for post-conviction relief in which he claimed that his trial counsel was ineffective for failing to consult with Falk about filing an Idaho Criminal Rule 35(b) motion for reduction of his sentence. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

In the underlying criminal case, Falk went into the victim's garage and struck her several times with a metal object. Falk entered an *Alford*[1] plea to aggravated battery (Idaho Code §§ 18-903(a), 18-907(b)), enhanced for the use of a deadly weapon (I.C. § 19-2520), and burglary

---

[1] *See North Carolina v. Alford*, 400 U.S. 25 (1970).

1

(I.C. § 18-1401). The district court sentenced Falk to a unified term of twenty years, with a minimum period of confinement of eleven years, for aggravated battery and the enhancement for use of a deadly weapon and a concurrent, determinate term of ten years for burglary. On direct appeal, this Court affirmed Falk's judgment of conviction and sentences in an unpublished opinion. *See State v. Falk*, Docket No. 48311 (Ct. App. July 26, 2021).

Falk filed a pro se petition for post-conviction relief followed by a motion for the appointment of counsel. Falk's post-conviction counsel filed an amended petition for post-conviction relief claiming that Falk's trial counsel "was ineffective for failing to file a Rule 35 motion and by not reaching out [to Falk] after sentencing to see if the State would join in a joint motion for sentencing relief in exchange for cooperation" in a case against Falk's brother.

The State filed a motion for summary dismissal. The district court heard argument on the State's summary dismissal motion. Assuming there was deficient performance by Falk's trial counsel for failure to consult with Falk, the district court found that there was no substantial likelihood that such motion would have resulted in an actual reduction of his sentences. Therefore, the district court concluded that Falk did not meet the prejudice prong of the *Strickland*[2] test and granted the State's motion for summary dismissal. Falk appeals.

## II.

## STANDARD OF REVIEW

A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Barcella v. State*, 148 Idaho 469, 477, 224 P.3d 536, 544 (Ct. App. 2009). To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Knutsen v. State*, 144 Idaho 433, 442, 163 P.3d 222, 231 (Ct. App. 2007). To establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the

---

[2]     *See Strickland v. Washington*, 466 U.S. 668 (1984).

2

proceedings would have been different. *Aragon*, 114 Idaho at 761, 760 P.2d at 1177; *Knutsen*, 144 Idaho at 442, 163 P.3d at 231.

In a post-conviction proceeding challenging an attorney's failure to pursue a motion in the underlying criminal action, the district court may consider the probability of success of the motion in question in determining whether the attorney's inactivity constituted ineffective assistance. *Lint v. State*, 145 Idaho 472, 477, 180 P.3d 511, 516 (Ct. App. 2008). Where the alleged deficiency is counsel's failure to file a motion, a conclusion that the motion, if pursued, would not have been granted by the trial court, is generally determinative of both prongs of the *Strickland* test. *Lint*, 145 Idaho at 477-78, 180 P.3d at 516-17.

## III.

## ANALYSIS

On appeal, Falk urges this Court to overrule or abrogate *Hassett v. State*, 127 Idaho 313, 900 P.2d 221 (Ct. App. 1995). Falk further asks this Court to hold that trial counsel renders deficient performance when trial counsel fails to consult with a defendant about filing a Rule 35(b) motion where there is reason to believe either that a rational defendant would want to pursue such a motion or that the defendant reasonably demonstrated an interest in having the motion filed.

In *Hassett*, this Court (consistent with *Strickland*) held that, to prevail on an ineffective assistance of counsel claim, a defendant is required to show that counsel's performance was deficient and that the defendant was prejudiced by that deficiency. *Hassett*, 127 Idaho at 316, 900 P.2d at 224; *see Strickland*, 466 U.S. at 687.

According to Falk, *Hassett* improperly makes the likelihood of success determinative of both deficient performance and prejudice and, in doing so, fails to account for the harm resulting from the defendant's loss of the opportunity to present a request for a sentence reduction to the trial court. In Falk's interpretation, the total deprivation of a proceeding is sufficient to satisfy both the deficiency and prejudice prongs of the ineffective assistance of counsel test outlined in *Strickland* and followed in *Hassett*. In support of these arguments, Falk relies on the United States Supreme Court's opinion in *Roe v. Flores-Ortega*, 528 U.S. 470 (2000).

In *Flores-Ortega*, a federal habeas corpus case, the Supreme Court addressed an ineffective assistance of counsel claim based on the failure to file an appeal where the record was unclear as to whether the defendant's trial counsel consulted with the defendant after sentencing about an

appeal. *Id.* at 473-74. The Supreme Court plainly stated that not every failure to consult with a defendant and file an appeal is per se unreasonable. *Id.* at 478. The Supreme Court rejected a per se deficiency rule as inconsistent with *Strickland*'s reasonableness test and so do we. Therefore, we reject Falk's invitation to overrule or abrogate *Hassett* and, in essence, create a per se rule that is broader than the rule articulated by the United States Supreme Court. We will address each prong of the ineffective assistance of counsel test in turn.

## A.    Deficient Performance

On appeal, Falk argues that, because his trial counsel failed to consult with Falk about the possibility of filing a motion for reduction of his sentence, trial counsel's performance was deficient. Falk contends there were reasons for trial counsel to believe that Falk would want to file such a motion because: (1) the sentence imposed was greater than the one he requested; (2) there were several mitigating factors including his age, employment, lack of criminal history, and psychological evaluations; and (3) after he committed the crime, he discovered circumstances about the family dynamics that would have changed his willingness to testify against his brother.

In ruling on the motion, the district court assumed that trial counsel was deficient because he failed to advise Falk about the possibility of filing a Rule 35(b) motion. The district court stated:

> I think we're light on evidence here that trial counsel has some sort of obligation to instigate a Rule 35 discussion, but I'm going to assume for purposes of this motion that there is indeed a professional duty that either arises generally or arose because of the way I framed my sentencing comments to have instigated a conversation with Mr. Falk about whether to seek Rule 35 relief, if so, how to best go about doing that such as by offering some sort of concrete assistance to the state in conjunction with the impending Roger Quinn [Falk's brother] prosecution.

Because the district court assumed, for the purposes of the summary dismissal motion, that Falk established that his trial counsel's performance was deficient, we need not address Falk's argument regarding deficient performance. This Court, like the district court, will presume deficient performance based on a failure to inquire about filing a Rule 35(b) motion.

## B.    Prejudice

After assuming that Falk made a prima facie showing of deficient performance under *Strickland*, the district court applied the prejudice standard set out in *Hassett*. The district court explained that, to establish prejudice from failing to file a Rule 35 motion, the petitioner must

4

show a reasonable probability that, but for his trial counsel's inadequate performance, the outcome of the proceeding before the trial court would have been different. The State argues that, because Falk does not challenge the substance of the district court's prejudice analysis under *Hassett*, he has waived any claim of error on appeal on the merits of the district court's prejudice analysis. *See*, *e.g.*, *State v. Wilde*, 174 Idaho 617, 620, 558 P.3d 1081, 1084 (2024) (holding appellants waive arguments "on appeal by failing to raise the issue" in their opening brief).

As discussed above, we decline to reject the *Hassett* framework. The Idaho Supreme Court has explained that, where there is "controlling precedent" on "questions of Idaho law, 'the rule of stare decisis dictates that we follow it, unless it is manifestly wrong, unless it has proven over time to be unjust or unwise, or unless overruling it is necessary to vindicate plain, obvious principles of law and remedy continued injustice.'" *Doe I v. John Doe (2024-23)*, 175 Idaho 412, 425, 566 P.3d 409, 422 (2025) (quoting *Houghland Farms, Inc. v. Johnson*, 119 Idaho 72, 77, 803 P.2d 978, 983 (1990)). Falk has failed to make such a showing. Because Falk does not challenge the substance of the district court's prejudice analysis under *Hassett*, he has waived any claim of error on appeal on the merits of the district court's prejudice analysis. Even assuming Falk had challenged the merits of the district court's prejudice analysis on appeal, he fails to show error.

The district court correctly held that Falk failed to demonstrate there was a reasonable probability that a Rule 35 motion would have resulted in a reduction of his sentence. Although Falk points to mitigating factors--such as his lack of criminal history, gainful employment, and favorable psychological evaluations--based on the record, those facts were already known to and considered by the sentencing court. Because a Rule 35(b) motion must be based on new or additional information, those previously considered circumstances could not have supported a sentence reduction. *See State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007) (holding that, "when presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the Rule 35 motion").

Falk's claim that he would have cooperated with law enforcement in a separate criminal investigation against his brother involving Falk's victim within the 120-day Rule 35(b) period is speculative and unsupported by the record. Falk's later cooperation--occurring nearly eleven

months after sentencing--does not establish that such cooperation would have been available during the Rule 35(b) timeline.

In the absence of proof that new mitigating information or cooperation would have been presented within the applicable timeframe, Falk did not show a substantial likelihood that the district court would have granted a motion to reduce his sentence. Accordingly, Falk has failed to establish prejudice under *Strickland*, and the district court did not err in summarily dismissing his post-conviction claim of ineffective assistance of counsel for failing to file a Rule 35(b) motion.

## IV.

## CONCLUSION

Even assuming Falk established that his trial counsel's performance was deficient, Falk has failed to establish a prima facie case that he was prejudiced as a result of the deficient performance. Falk has also failed to demonstrate that *Hassett* should be overruled or abrogated. Therefore, the judgment summarily dismissing Falk's amended petition for post-conviction relief is affirmed.

Judge HUSKEY and Judge LORELLO, **CONCUR**.